Kevin D. Swenson (5803)
Brian D. Shelley (14084)
Jake R. Spencer (15744)
Chrystal Mancuso-Smith (11153)
SWENSON & SHELLEY PLLC
520 E Tabernacle
St. George, Utah 84770
Phone: (435) 265-3500
Facsimile: (855) 450-8435
Email: Kevin@SwensonShelley.com
Email: Brian@SwensonShelley.com
Email: Jake@SwensonShelley.com
Email: Chrystal@SwensonShelley.com

*Attorneys for Plaintiff*

---

## UNITED STATES DISTRICT COURT OF THE DISTRICT OF UTAH
## SOUTHERN REGION

| | |
|---|---|
| VALERIE ENGSTROM, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AUSTIN JAMES CORRY, an individual; SCOTT CORRY, an individual; KANOSH TOWN, UTAH, a Municipal Corporation and Political Subdivision of the State of Utah; and MILLARD COUNTY, UTAH, a Political Subdivision of the State of Utah; and DOES 1 – 10;<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No. 4:19-cv-00026-DN<br><br>Judge David Nuffer<br><br>**TIER 3** |

COMES NOW Plaintiff Valerie Engstrom, by and through undersigned counsel, complaints of Defendants Austin James Corry, Scott Corry, Kanosh Town, and Millard County, and alleges as follows:

## SUMMARY OF CASE

In 2015, Plaintiff began working as a fire fighter for the Kanosh Volunteer Fire Department (the *"Department"*).  Soon after she started working, and continuing up until his arrest, Plaintiff's direct supervisor, Assistant Fire Chief Austin Corry, began to sexually harass her.  Despite Plaintiff's best efforts to dissuade her boss from such unwanted and unlawful behavior, his conduct only increased in frequency and severity.  Plaintiff's only recourse, aside from quitting her job and losing her income, was to report Assistant Fire Chief Corry's unacceptable behavior to his direct supervisor, the Fire Chief.  However, the Fire Chief position was held by Scott Corry, Austin's father.

As might be expected, Plaintiff's complaints to the Fire Chief about his son's egregious behavior were dismissed out of hand with instructions to "not be alone with [Austin]".  Adding a further barrier to having Plaintiff's claims addressed, Scott Corry was also a Sergeant with the Millard County Sherriff's office – the very same office that would be tasked with handing any criminal investigation of the reported actions of the Assistant Fire Chief.  Both Millard County (the *"County"*) and Kanosh Town (the *"Town"*) were aware of not only the familial relationship between Austin and Scott, but also the inherent conflict of interest in granting Scott Corry both a supervisory role in the Department, as well as an investigative role of criminal behavior of the very same Department he was in charge of.

Assistant Fire Chief Corry was therefore allowed to exploit and misuse his position of power and authority over Plaintiff without fear of reprisal.  Tragically, the sexual behavior escalated and became violent, culminating in his raping Plaintiff three times at the Department.

Accordingly, Plaintiff brings this Complaint, after first having complied with the Notice of Claim requirements set forth in Utah Code Ann. § 63G-7-401.

## PARTIES

1.      Plaintiff Valerie Engstrom at all relevant times was an employee of the Kanosh Volunteer Fire Department (the **"Fire Department"** or **"Department"**) and resident of the State of Utah.  Mrs. Engstrom is currently domiciled in Mesquite, Nevada.

2.      Defendant Kanosh Town, Utah (**"Kanosh"** or the **"Town"**) is a municipal corporation and political subdivision of the State of Utah, located in Millard County, Utah.

3.      Defendant Millard County, Utah (the **"County"**) is a political subdivision of the State of Utah, located in Utah.

4.      Defendant Austin James Corry (**"Assistant Fire Chief Corry"**) was at all relevant times an individual residing in Utah and employed by Kanosh as the Assistant Fire Chief of its Fire Department.  Upon information and belief, Assistant Fire Chief Corry is presently incarcerated at the Utah County Correctional Facility.

5.      Defendant Scott Corry (**"Fire Chief Corry"** or **"Sergeant Corry"**) was at all relevant times an individual residing in Utah and employed by both Kanosh as the Fire Chief of its Fire Department and by the Millard County Sheriff's Office.

6.      The true names and capacities, whether individuals, corporate, associates or otherwise sued herein as DOES are currently unknown but expected to include, but not be limited to: individuals with knowledge of the wrongful and tortious acts complained of, with responsibilities for hiring, firing, supervising, and/or training members of the Kanosh Fire Department, and the like.  Plaintiff is informed and believes, and therefore alleges, that each of the

named DOE Defendants are negligently responsible in some manner for the occurrences herein alleged and that conduct, or lack of conduct, by DOE Defendants contributed to the circumstances which caused her injuries.  Plaintiff is informed and believes that the DOE Defendants will most likely will not be citizens of the State of Nevada so as to not destroy diversity jurisdiction.  Plaintiff will amend this Complaint to allege the true names and capacities once discovered.

7.     Plaintiff alleged that all or some of said fictitiously named DOE Defendants were the principals, agents, joint venturers, partners, co-conspirators, employers, employees, contractors, subcontractors, independent contractors, predecessors in interest and/or successors in interest to said defendants, and are responsible for the injuries and damages sustained by Plaintiff, as more fully set for the below, and are residents of the State of Utah, are doing business in Utah and/or committed acts pursuant to which they are under the jurisdiction of the State of Utah, and/or partners of each and the other and as such are either joint tortfeasors and/or jointly and severally liable and legally responsible in some manner for the events and happenings herein, and proximately caused the injuries and damages to Plaintiff as set forth herein

## JURISDICTION AND VENUE

8.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983. The Court had diversity jurisdiction under 28 U.S.C. § 1332(1) because the matter in controversy: (a) exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs; and (b) is between citizens of different states resulting in complete diversity.

9.     A substantial part of the events giving rise to these claims occurred in this judicial district, thus venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

10.     Plaintiff has complied with all applicable claims statutes under the laws of the State of Utah, including Utah Code Ann. § 63G-7-401, et seq.

11.     Defendants are subject to personal jurisdiction within this district.

## FACTUAL ALLEGATIONS

12.      Plaintiff was employed as a Kanosh Volunteer Fire Department (hereinafter *"Fire Department"*) fire fighter from 2015 until 2018.

13.     At the time of Plaintiff's hiring and continuing until on or around September 2018, Defendant Austin James Corry was employed as the Assistant Fire Chief of the Kanosh Fire Department and had direct supervisory authority over Plaintiff.

14.     At the time of Plaintiff's hiring and continuing until on or around October 2018, Defendant Scott Corry was employed as the Fire Chief of the Kanosh Fire Department and had direct supervisory authority over his son, Austin.

15.     At the time of Plaintiff's hiring, and continuing until on or around October 2018, Defendant Scott Corry was also employed by the Millard County Sheriff's Office as a Sergeant and, in that capacity, was tasked with conducting any criminal investigations involving the Fire Department.

16.     A short time after Plaintiff began working at the Fire Department, Assistant Fire Chief Corry began engaging in inappropriate conduct, including harassment of a sexual nature directed towards Plaintiff.

17.     During Plaintiff's employment with the Fire Department, Assistant Fire Chief Corry made sexually suggestive comments to Plaintiff, in response to which Plaintiff attempted to set boundaries with him.

18.     This misconduct and comments made Plaintiff extremely uncomfortable.

19.     The pattern of harassment and humiliation continued.  The verbal comments then progressed to unwanted physical touching of Plaintiff without her consent, including kissing, fondling, and groping.

20.     Plaintiff continued to tell Assistant Fire Chief Corry that she did not like the comments, that they made her uncomfortable, and that she did not want him to touch her.

21.     Nonetheless, Assistant Fire Chief Corry disregarded any and all boundaries Plaintiff attempted to set.

22.     Between 2015 and 2018, Assistant Fire Chief Corry continually sexually assaulted Plaintiff the woman without her consent.

23.     The first sexual assault happened in August 2015 when Assistant Fire Chief Corry asked Plaintiff to help him with equipment maintenance.  While in the cab of a truck, Corry told Plaintiff that he wanted to "mess around".

24.     Despite Plaintiff's refusal, Assistant Fire Chief Corry forced her into the back seat of the vehicle where he sexually assaulted her.  Plaintiff attempted to prevent being forced into the vehicle, however Assistant Fire Chief Corry is much larger and physically stronger than she was and so she was overpowered.

25.     Plaintiff told Assistant Fire Chief Corry "no" multiple times, however, he was too strong and held Plaintiff by the throat and used this pressure to pin her down to the seat and to prevent her from getting up.

26.     A second sexual assault happened a short time later at the fire station.  Assistant Fire Chief Corry ordered Plaintiff to report to the station and, when she arrived, he instructed her to change into uniform pants.  He then pushed her against a vehicle and sexually assaulted her.

27.     After the assault, Assistant Fire Chief Corry walked away from the vehicle as if nothing had happened.

28.     In April 2018, Assistant Fire Chief Corry, using his supervisory authority over Plaintiff, ordered her to report to the station for some "paperwork". When she arrived she learned that the "paperwork" did not exist and was merely a pretext for Corry to get Plaintiff to the station. Shortly after her arrival, Corry grabbed her and sexually assaulted her.

29.     Given Corry's repeated prior sexual assaults, Plaintiff was concerned about having to go to the station for "paperwork" but, out of a fear of losing her job, Plaintiff did go to the station.  Feeling that she had no choice but to go to the station and fearing another assault might happen, Plaintiff used an audio recorder on her cell phone and recorded an assault.  The audio recording captured Plaintiff repeatedly telling Corry "no" and to "stop" all to no avail as he continued his assault.

30.     In August 2018, Plaintiff decided to stay at her job because another firefighter told her that Corry might be moving to another department.  A few days later, on August 20, 2018, Plaintiff was in a fire station locker room where she was changing out of her uniform.

31.     Assistant Fire Chief Corry entered the locker room and closed the door behind him. Plaintiff was able to turn on her audio recorder and attempted to leave the room.  Assistant Fire Chief Corry sexually assaulted her while she repeatedly told him to stop.  The sexual assault ended only when another fire truck arrived at the station.

32.     People at the station found Plaintiff emotional and upset and helped her to get to a safe location before they contacted law enforcement.  On August 21, 2018, the next day, Assistant Fire Chief Corry sent Plaintiff a text message stating that he was sorry and hoped the she would forgive him.

33.     Assistant Fire Chief Corry's repeated misconduct demeaned and humiliated Plaintiff inside the workplace.  Additionally, Plaintiff had a well-founded fear of retribution given Assistant Fire Chief Corry's position of power and authority over Plaintiff's career and continued employment.  Such fears were compounded by the familial relationship between Fire Chief (and then-Millard County Sherriff) Scott Corry (father) and Austin Corry (son).

34.     Plaintiff put Kanosh Town (hereinafter *"the Town"*) on notice of Assistant Fire Chief Corry's inappropriate conduct through directly notifying Fire Chief Scott Corry as well as another Department fire fighter.

35.     Upon voicing her concerns about his son (Austin) and the escalating harassment and assaults to Fire Chief Scott Corry, Plaintiff was told to avoid being along with Assistant Fire Chief Corry.

36.     Fire Chief Scott Corry's instructions were not only offensive, but they were also beyond Plaintiff's control as his son Austin continued to be her direct supervisor.  She risked termination for insubordination even if avoiding him was possible.

37.     Investigations of possible criminal activity and/or complaints of criminal behavior at the Town Fire Department were assigned to Fire Chief Scott Corry in his dual role as a Sergeant with the Millard County Sheriff's office.

38.     By informing Scott Corry of the criminal behavior of his son Austin Corry, Scott Corry had a legal obligation to investigate Plaintiff's allegations and, due to the familial relationship, should have turned over the investigation to a non-biased party/entity.

39.     That did not happen.  Instead, Scott Corry took no action and allowed the sexual harassment, assaults, and ultimate rapes, to happen unfettered.

40.     Despite reporting her concerns up the chain of command to Scott Corry, Austin Corry's authority and power over Plaintiff remained unchecked.

41.     Upon information and belief, the Town took no corrective action to ensure that Assistant Fire Chief Corry's inappropriate, sexually charged behavior, perpetrated by a man in a position of power within the Town, ceased within the Department or in the community at large.

42.     Assistant Fire Chief Corry was arrested on August 22, 2018 by the Provo Police Department.

43.     Upon information and belief, Austin Corry admitted in police interviews that he did assault Plaintiff and acknowledged that Plaintiff did not consent but he continued to assault her.

**FIRST CAUSE OF ACTION**
**Equal Protection Claim under 42 U.S.C. § 1983**
**[Defendants Austin Corry and Scott Corry]**

44.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

45.     Acting under color of state law, Assistant Fire Chief Corry sexually harassed and assaulted Plaintiff.

46.     He touched her sexually against her will and raped her on three separate occasions.

47.     Assistant Fire Chief Corry committed these acts against Plaintiff based on her sex.

48.     In so doing, Assistant Fire Chief Corry violated Plaintiff's constitutional right to equal protection under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

49.     Acting under color of state law, Fire Chief and Sergeant Scott Corry allowed the sexual harassment of Plaintiff to continue and escalate because the harasser was his son.

50.     In so doing, Fire Chief and Sergeant Scott Corry violated Plaintiff's constitutional right to equal protection under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

51.     Plaintiff has suffered harm as a result of Austin Corry and Scott Corry's mistreatment of her on the basis of her sex.

52.     Plaintiff has suffered harm as a result of this mistreatment including, among other things, psychological and emotional distress, lost wages, and medical expenses.

**SECOND CAUSE OF ACTION**
**Substantive Due Process Claim under 42 U.S.C. § 1983**
**[Defendant Austin Corry]**

53.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

54.     Assistant Fire Chief Corry's sexual assaults and rapes of Plaintiff violated her fundamental right to bodily integrity and deprived her of her right to substantive due process under the Due Process Clause of the Fourteenth Amendment.

55.     Assistant Fire Chief Corry's sexual misconduct demonstrated a degree of outrageousness and a magnitude of harm so great as to shock the conscience.

56.     Assistant Fire Chief Corry acted under color of state law when committing his assaults on Plaintiff.

57.     Plaintiff has suffered harm as a result of this mistreatment including, among other things, psychological and emotional distress, mental anguish, lost wages, and medical expenses.

### THIRD CAUSE OF ACTION
### False Imprisonment
### [Defendant Austin Corry]

58.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

59.     Assistant Fire Chief Corry engaged in conduct with the intent to confine and/or detain Plaintiff within boundaries fixed by Assistant Fire Chief Corry during his physical battery and raping of Plaintiff by physically restraining her, as well as by confining here in various location in the Fire Department under false pretenses.

60.     Assistant Fire Chief Corry's conduct resulted in a confinement of Plaintiff while she was conscious of the confinement and harmed by it.

61.     Plaintiff did not consent to any instance of physical restraint or confinement.

62.     Assistant Fire Chief Corry's conduct amounted to an unlawful detention or restraint of Plaintiff against her will.

63.     Assistant Fire Chief Corry engaged in willful misconduct as defined under Utah Code §§ 63G-7-102(11) and 63G-7-202(c)(i) and therefore he retains no immunity from suit pursuant to Utah Code Ann. § 63G-7-202(3)(c)(i).

64.     Plaintiff has been injured and damaged as a result of this unlawful confinement.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### [Defendant Austin Corry]

65.　Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

66.　Assistant Fire Chief Corry's repeated sexual harassment and sexual assaults of Plaintiff, along with his abuse of authority as Assistant Fire Chief to effectuate such sexual harassments and assault, constitute outrageous and intolerable conduct.

67.　Assistant Fire Chief Corry either intended to inflict severe emotional distress upon Plaintiff or knew or should have known that such sexual harassment and assault would cause employee-Plaintiff to suffer such distress.

68.　Plaintiff has suffered physical harm, discomfort, severe or extreme emotional distress, mental anguish, extreme fear and shame throughout the years of abuse, and continues to suffer severe mental distress to the present day as a result of, and caused by, Assistant Fire Chief Corry's misconduct.

69.　Assistant Fire Chief Corry engaged in willful misconduct as defined under Utah Code §§ 63G-7-102(11) and 63G-7-202(c)(i) and therefore he retains no immunity from suit pursuant to Utah Code Ann. § 63G-7-202(3)(c)(i).

## FIFTH CAUSE OF ACTION
### Battery
### [Defendant Austin Corry]

70.　Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

71.     Assistant Fire Chief Corry acted intentionally toward Plaintiff intending to cause her harmful or offensive contact, or an imminent apprehension of such contact with each incident of sexual assault or rape.

72.     Assistant Fire Chief Corry repeatedly made physical contact with Plaintiff's person and effects, each without her consent.

73.     As a result of this contact, Plaintiff suffered physical, mental, and emotional harm.

74.     Harmful contact with Plaintiff directly resulted.

75.     Assistant Fire Chief Corry engaged in willful misconduct as defined under Utah Code §§ 63G-7-102(11) and 63G-7-202(3)(c)(i) and therefore he retains no immunity from suit pursuant to Utah Code Ann. § 63G-7-202(3)(c)(i)

## SIXTH CAUSE OF ACTION
### Sexual Assault
### [Defendant Austin Corry]

76.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

77.     Assistant Fire Chief Corry behavior at the outset of each instance of sexual assault or rape was intended to cause harmful or offensive contact with Plaintiff, or imminent apprehension of such contact with Plaintiff.

78.     As a result of Assistant Fire Chief Corry's actions, Plaintiff was put in imminent apprehension of such contact.

79.     Assistant Fire Chief Corry engaged in willful misconduct as defined under Utah Code §§ 63G-7-102(11) and 63G-7-202(3)(c)(i) and therefore he retains no immunity from suit pursuant to Utah Code Ann. § 63G-7-202(3)(c)(i).

80.     Plaintiff has been injured and damaged as a result of Assistant Fire Chief Corry's misconduct.

## SEVENTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and/or Retention
### [Defendant Kanosh Town]

81.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

82.     The Town owed a duty to Plaintiff, who came into contact with Assistant Fire Chief Corry through her employment with the Department, to protect Plaintiff from harm at the hands of its employees, including Assistant Fire Chief Corry.

83.     The Town breached that duty by, among other things, failing to properly investigate Assistant Fire Chief Corry's background before his hiring, failing to adequately supervise Assistant Fire Chief Corry, by retaining him as an assistant fire chief after complaints of his sexual and other misconduct, and/or by failing to take steps to ensure that the familial relationship between Fire Chief Scott Corry and Assistant Fire Chief Austin Corry could not result in the failure to protect Plaintiff, and others, from harm.

84.     As a direct and foreseeable consequence of the Town's negligence in hiring, failing to supervise, and retaining Assistant Fire Chief Corry, Plaintiff suffered the injuries described above.

85.     The Town owed a duty to Plaintiff, who came into contact with Fire Chief Scott through her employment with the Department, to protect Plaintiff from harm at the hands of its employees, including Fire Chief Scott Corry.

86.     The Town breached that duty by, among other things, failing to properly investigate and consider the familiar relationship between Assistant Fire Chief Austin Corry and Fire Chief Scott Corry before hiring Scott Corry to supervise his son Austin Corry, failing to adequately supervise Fire Chief Corry, by retaining him as a fire chief despite the inherent conflict of interest that exists due to Scott Corry's simultaneous employment by the Millard County Sherriff's Office as that organization would be responsible for investigation of possible criminal actions at the Fire Department where Scott and Austin worked; and/or by failing to take steps to ensure that the familial relationship between Fire Chief Scott Corry and Assistant Fire Chief Austin Corry could not result in the failure to protect Plaintiff, and others, from harm.

87.     As a direct and foreseeable consequence of the Town's negligence in hiring, failing to supervise, and retaining Fire Chief Scott Corry, Plaintiff suffered the injuries described above.

88.     The Town's breach of its duty was the proximate cause of Plaintiff's injuries at the hands of Assistant Fire Chief Austin Corry by Fire Chief Scott Corry's failing to act upon reports of his son's conduct.

89.     In particular, Fire Chief Scott Corry was personally informed of the claims against his son Assistant Fire Chief Austin Corry but took no action.

90.     Further contribution to the lack of disciplinary action is attributed to the fact that, as known by the Town, Fire Chief Scott Corry is Assistant Fire Chief Corry's father.

91.     By failing to take any action to discipline Assistant Fire Chief Corry or to prevent him from using his authority as Assistant Fire Chief to continue his inappropriate and illegal sexual behavior, the Town was negligent.

92.     Plaintiff has been injured and damaged as a result of the Town's negligence.

## EIGHTH CAUSE OF ACTION
### Negligent Hiring, Supervision, and/or Retention
### [Defendant Millard County]

93.     Plaintiff incorporates by reference, all of the above paragraphs as if fully reproduced herein.

94.     The County owed a duty to Plaintiff, who was sexually harassed and assaulted at her place of employment, to provide Plaintiff with an independent and unbiased public safety officer to report such crimes to be redressed.

95.     By permitting its employee, Sergeant Scott Corry to serve a dual role of Millard County Sherriff and Kanosh Fire Chief, Millard County sanctioned an environment wherein Plaintiff's complaints were hushed at the source.

96.     Millard County was negligent in permitting Sergeant Corry to oversee the Fire Department.  This negligence was compounded due to the fact that Millard County was sanctioning Sergeant Corry's supervision of his own son, Assistant Fire Chief Austin Corry.

97.     The County breached that duty by, among other things, failing to separate the public safety obligation of its employees from the personal and/or familial interests of said employees, failing to adequately supervise Sergeant Corry so that he could not conceal Plaintiff's complaints of the criminal conduct of his son Assistant Fire Chief Corry, and/or by failing to take steps to ensure that the familial relationship and the accompanying conflict of interest between Sergeant Scott Corry and Assistant Fire Chief Austin Corry could not result in the failure to protect Plaintiff, and others, from harm.

98.     As a direct and foreseeable consequence of the County's negligence in hiring, failing to supervise, and retaining Sergeant Corry, Plaintiff suffered the injuries described above.

99.     The County's breach of its duty was the proximate cause of Plaintiff's injuries at the hands of Assistant Fire Chief Austin Corry by Fire Chief/Sergeant Scott Corry's failing to act upon reports of his son's conduct.

100.    In particular, Sergeant Scott Corry was personally informed of the claims against his son Assistant Fire Chief Austin Corry but took no action.

101.    By failing to take any action to prevent Sergeant Corry from misusing his authority to shield his son from accountability for Assistant Fire Chief Corry's inappropriate and illegal sexual behavior, the County was negligent.

102.    Plaintiff has been injured and damaged as a result of the County's negligence.

## PRAYER FOR RELIEF

Wherefore, Plaintiff pray for relief against Defendants as follows:

1.     For judgment in Plaintiff's favor and against Defendants Austin Corry and Scott Corry for violation of Plaintiff's Equal Protection rights;

2.     For judgment in Plaintiff's favor and against Defendant Austin Corry for violation of Plaintiff's Substantive Due Process rights;

3.     For judgment in Plaintiff's favor and against Defendant Austin Corry for False Imprisonment;

4.     For judgment in Plaintiff's favor and against Defendant Austin Corry for the Intentional Infliction of Emotional Distress;

5.     For judgment in Plaintiff's favor and against Defendant Austin Corry for Battery;

6.     For judgment in Plaintiff's favor and against Defendant Austin Corry for Sexual Assault;

7.    For judgment in Plaintiff's favor and against Defendant Kanosh Town for Negligent Hiring, Supervision, and/or Retention of Defendants Austin Corry and Scott Corry;

8.    For judgment in Plaintiff's favor and against Defendant Millard County for Negligent Hiring, Supervision, and/or Retention of Defendant Scott Corry;

9.    For an award of compensatory and punitive damages in favor of Plaintiff and against Defendant Kanosh Town, including damages resulting from emotional distress, in excess of an amount of $300,000, to be determined at trial;

10.    For an award of compensatory and punitive damages in favor of Plaintiff and against Defendant Millard County, including damages resulting from emotional distress, in excess of an amount of $300,000, to be determined at trial;

11.    For an award of compensatory and punitive damages in favor of Plaintiff and against Defendant Austin Corry, including damages resulting from emotional distress, in excess of an amount of $300,000, to be determined at trial;

12.    For an award of compensatory and punitive damages in favor of Plaintiff and against Defendant Scott Corry, including damages resulting from emotional distress, in excess of an amount of $300,000, to be determined at trial;

13.    For an award of reasonable attorneys' fees and costs associated with this action;

14.    For an award of post-judgment interest as allowed by law;

15.    For an award of non-monetary damages in favor of Plaintiff and against Kanosh Town as follows:

a. The institution of approved Annual Harassment, Discrimination, and Retaliation Training for all Kanosh Town Fire Department supervisors and employees (including additional approved training for Human Resource employees);

b. The institution of approved Annual Harassment, Discrimination, and Retaliation Training for all members of the Kanosh Town Mayor's Office (including additional approved training for Human Resource employees);

c. The institution of approved mandatory guidelines for the confidential investigation and resolution of any complaint or claim of harassment or discrimination lodged against the Kanosh Town Fire Department, with such guidelines to include an independent, extra-Departmental process for reporting, investigation, and resolution of any such complaints or claims;

d. The institution of approved guidelines for the full and complete vetting of the hiring and/or promotion of individuals as Fire Chief, Assistant Fire Chief, and/or other managerial or supervisory position; and

e. The institution of a third-party hotline and independent service wherein persons who have suffered from sexual assault or harassment may report and have their reports processed.

16. For general damages, including pain and suffering, lost wages, attorneys' fees and costs, and punitive damages as provided for under Utah Code Ann. § 63G-7-401(3)(c)(iii); and

17. For other such relief as the Court may deem just.

**JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and has tendered the appropriate fee.

DATED this 3rd day of April 2019.

SWENSON & SHELLEY, PLLC

_/s/ Kevin D. Swenson_____
KEVIN D. SWENSON
BRIAN D. SHELLEY
JAKE R. SPENCER
CHRYSTAL MANCUSO-SMITH
_Attorneys for Plaintiff_